**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Daniel T. Barrett,

Plaintiff,

v.

United States of America, United States Department of Labor, State of Minnesota, County of Anoka, City of Fridley, Attorney Robert J. Bruno, and Karen M. Barrett,

Defendants.

Civil No. 00-1195 (DWF/SRN)

**ORDER**

---

Daniel T. Barrett, Pro Se, 10846 Buchanan Street, Blaine, MN 55434.

Patricia R. Cangemi, Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street South, Minneapolis, MN 55415, counsel for Defendants United States of America and United States Department of Labor; Cynthia Jahnke, Assistant Attorney General, Minnesota Attorney General's Office, 445 Minnesota Street, St. Paul, MN 55101, counsel for Defendant State of Minnesota; Robert Johnson, Esq., and Robert D. Goodell, Esq., Anoka County Attorney's Office, Anoka County Government Center, 2100 Third Avenue, Anoka, MN 55303-2265, counsel for Defendant County of Anoka; Jon K. Iverson, Esq., Erstad & Riemer, 1000 Northland Plaza, 3800 West 80th Street, Minneapolis, MN 55431-4409 and Mary D. Tietjen, Esq., League of Minnesota Cities Insurance Trust, 145 University Avenue West, St. Paul, MN 55103, counsel for Defendant City of Fridley; and Robert J. Bruno, Esq., Bruno Law Office, 107 Professional Plaza, 1601 Highway 13 East, Burnsville, MN 55337, counsel for Defendant Karen M. Barrett.

---

Plaintiff filed a Notice of Appeal in this matter on September 12, 2000. (Doc. No. 41.) He did not pay the $105 filing fee for his appeal, but instead filed an application for leave to proceed *in forma pauperis* ("IFP") on appeal (Doc. No. 40), which is now before the Court. For the reasons discussed below, Plaintiff's IFP application will be DENIED.

FILED SEP 15 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1).

Even if a litigant is found to be financially eligible for IFP status, his or her IFP application will be denied if the Court finds that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard, and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the instant case, it is not necessary to decide whether Plaintiff is financially eligible for IFP status, because the Court has already found that the claims he is attempting to prosecute in this action do not have any factual or legal basis. The glaring defects in Plaintiff's case were fully explained in this Court's Memorandum and Order dismissing his complaint. (Doc. No. 37.)

Moreover, this does not appear to be a case in which a claimant holds an honest but mistaken belief that he has some legitimate basis for seeking relief in federal court. Instead, it appears to the Court that Plaintiff fully understands the futility of the claims he is attempting to bring, but he continues to pursue them in order to harass the various named Defendants. That is why sanctions have been imposed against Plaintiff in this case. If Plaintiff truly believes, subjectively, that his claims are viable, he is simply wrong. From an objective perspective, his claims clearly lack any arguable basis in fact or law.

The Defendants in this case have already been forced to bear the expense and inconvenience of defending themselves against Plaintiff's unsustainable claims at the district court level; they should not now be required to bear the additional burden of responding to an appeal based on those claims. Thus, the Court certifies that Plaintiff's appeal is not taken in good faith, and the Court denies Plaintiff's application for leave to proceed IFP on appeal.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Plaintiff's application to proceed *in forma pauperis* on appeal (Doc. No. 40) is **DENIED**.

Dated: September 15th, 2000

DONOVAN W. FRANK
Judge of United States District Court